SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2012 SEP 28 PM 4:46

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                  Plaintiff,

-v-

DAY & ZIMMERMAN NPS, INC.

                  Defendant.
------------------------------------------------------------x

Civil Action No.

COMPLAINT

JURY TRIAL DEMAND

WEINSTEIN, J.

GO, M.J.



## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Charging Party Carlos Hughes, who was affected by such unlawful practices. As alleged in greater detail below, Defendant unlawfully discriminated against Hughes by subjecting him to harassment on the basis of his race (Black) and terminating him in retaliation for his complaints about the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Sections 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the State of New York and in the City of New York, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Hughes filed charges with the Commission alleging violations of Title VII by Defendant.
All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 2005, Defendant has engaged in unlawful employment practices at its Charles Poletti Power Plant facility in Astoria, Queens, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e including subjecting Hughes, who is Black, to verbal and physical harassment by Defendant's Foreman. These practices include, but are not limited to, the following:

    a) Defendant's Foreman frequently made racially insensitive jokes or derogatory comments regarding Blacks, including: "Black folks deserve to get shot." "Black folks are good at basketball because they can steal and shoot." and "Blacks are the worst

people in the world." Defendant's Foreman also told racially-driven jokes, for example, jokes that begin with "A Black guy and a Polish guy go into a restaurant..."

b) Defendant's Foreman demeaned Hughes by refusing to call him by his name and instead whistling to get his attention. Defendant's Foreman also intentionally kicked and tripped Hughes on the job almost weekly.

8. On or about August 26, 2008, Defendant also engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. Section 2000e-3, by firing Hughes in retaliation for complaining about the race harassment. Beginning in 2007, Hughes complained about the harassment numerous times, but it continued. In the late spring of 2008 he escalated his complaints by bringing them to the union. Defendant's managers and Hughes' union representatives met in mid-July 2008 and again on August 25, 2008 to discuss Hughes' harassment complaints. On or about the morning after the August 25, 2008 meeting, Defendant terminated Hughes' employment for pretextual reasons.

9. The effect of the practices complained of in paragraphs seven and eight above has been to deprive Hughes of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and in retaliation for his complaints.

10. The unlawful employment practices complained of above were intentional.

11. At all relevant times, Defendant has acted with malice or reckless indifference to the federally protected rights of Hughes.

# **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in harassment based on race.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in retaliation against individuals who oppose race discrimination.

C. Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for Black employees and which eradicate the effects of Defendant's past and present unlawful employment practices;

D. Order Defendant to make whole Hughes by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs seven and eight above, including but not limited to reinstatement of Hughes;

E. Order Defendant to make whole Hughes, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs seven and eight above, including non-pecuniary losses, pain, suffering and humiliation, in amounts to be determined at trial;

F. Order Defendant to make whole Hughes by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs seven and eight above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.  Order Defendant to provide Hughes punitive damages for its malicious and/or reckless conduct described in paragraphs seven and eight above, in amounts to be determined at trial;

H.  Grant such further relief as the Court deems necessary and proper in the public interest; and

I.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 28, 2011
New York, New York

Respectfully submitted,

Patrick D. Lopez
General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, D.C. 20507

_____
Elizabeth Grossman
Regional Attorney
elizabeth.grossman@eeoc.gov

_____
Nora E. Curtin
Supervisory Trial Attorney
nora.curtin@eeoc.gov

_____
Michael B. Ranis
Trial Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone No.: 212-336-3701
Facsimile No.: 212-336-3623
Email Address: michael.ranis@eeoc.gov